IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT HANKINS, | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : CIVIL NO. 3:CV-11-953 |
| | : |
| JOHN WETZEL, ET AL., | : (Judge Conaboy) |
| | : |
| Defendants | : |

_____

## **MEMORANDUM**
### **Background**

This pro se civil rights action pursuant to 42 U.S.C. § 1983 was initiated by Robert Hankins (Plaintiff), an inmate presently incarcerated at the State Correctional Institution, Camp Hill, Pennsylvania (SCI-Camp Hill). Plaintiff's Amended Complaint (Doc. 56) concerns actions which purportedly transpired when Hankins was previously confined at the Rockview State Correctional Institution, Bellefonte, Pennsylvania (SCI-Rockview).

Following service of the Amended Complaint, a motion to dismiss filed by Defendant Bureau of Health Care Services was granted. By Memorandum and Order dated February 26, 2013, a motion to dismiss filed by Defendants Physician's Assistants (PAs) Jeremy Tipton and Julie Pensiero-Koltay, was partially granted. While dismissal was granted in favor of Defendant Tipton, the claims that Pensiero-Koltay retaliated against Plaintiff by: delaying his

1

request for replacement eyeglasses;[1] having his inmate financial account improperly assessed for ongoing medical conditions; denying him a physical; and placing false information in the prisoner's institutional records were allowed to proceed. See Doc. 56, ¶ 27.

Presently pending is Defendant Pensiero-Koltay's motion seeking entry of summary judgment.[2] See Doc. 177. The opposed motion is ripe for consideration.

## **Discussion**

Pensiero-Koltay argues that she is entitled to summary judgment "because the prisoner has insufficient facts to establish that he was a victim of actionable retaliation by the defendant." Doc. 178, p. 4.

### **Standard of Review**

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See also Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the

---

1. Plaintiff does not allege that he was without eyeglasses, rather, he asserts that there was a delay in acting upon his request for tinted glasses. See Doc. 56, ¶ 35.

2. It is additionally noted that a motion to dismiss the Amended Complaint filed by the Corrections Defendants was partially granted by Memorandum and Order dated March 26, 2013. Dismissal was granted in favor of those Defendants with exception of Hankins' claims that he was prevented from purchasing and/or receiving publications of any kind while in the Restricted Housing Unit; subjected to retaliation for pursuing legal remedies; and there was interference with his incoming mail.

outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Celotex, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the

3

evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**Retaliation**

According to the Amended Complaint, PA Pensiero-Koltay retaliated against Plaintiff by: delaying his request for replacement eyeglasses; having his inmate financial account improperly assessed; denying him a physical; and placing false information in the prisoner's institutional records. The moving Defendant argues that the Complaint fails to set forth a viable claim of retaliation. See Doc. 178, p. 7.

PA Pensiero-Koltay initially notes that Plaintiff in his deposition testimony was unable to articulate a reason as to why she would retaliate against him and conceded that the Moving Defendant was not responsible for getting his eyeglasses. See Doc. 178, p. 2. According to the summary judgment request, Hankins made an assumption that Pensiero-Koltay was involved in the delay of the inmate's receipt of his eyeglasses solely because the Moving Defendant had asked him if he had received his eyeglasses.

With respect to the claim that Hankins was improperly charged a co-pay for chronic care related medical services, PA Pensiero-Koltay asserts that the inmate could not identify any chronic condition which he sought treatment for in his deposition testimony and acknowledged that he might have been treated for non-chronic problems. She also notes that Plaintiff was unable to describe any false information placed in his institutional medical

4

file by Pensiero-Koltay and that a notation in his file that Hankins made derogatory comments to the Defendant was accurate. Finally, with respect to the alleged denial of a physical examination by Pensiero-Koltay, it is undisputed that Hankins refused to allow the Moving Defendant to take his temperature because she was not wearing gloves. As a result of that dispute, the medical appointment was terminated.

Pensiero-Koltay concludes that based upon the above factors, she is entitled to entry of summary judgment because there are no facts presented showing that the alleged retaliatory conduct was undertaken in response to the Plaintiff's exercise of a constitutionally protected right. Rather the undisputed facts established that any actions taken by Penisero-Kotay, at most, were the result of ongoing tension between the Moving Defendant and the Plaintiff. Furthermore, the adverse actions cited by Hankins were not sufficiently serious to deter a person of ordinary firmness from exercising his rights and the Plaintiff himself admits that Pensiero-Koltay's conduct did not deter him from the exercise of any constitutionally protected right.

To establish a Section 1983 retaliation claim, a plaintiff bears the burden of satisfying three (3) elements. First, a plaintiff must prove that he was engaged in a constitutionally protected activity. <u>Rauser v. Horn</u>, 241 F.3d 330, 333 (3d Cir. 2001). Second, a prisoner must demonstrate that he "suffered some 'adverse action' at the hands of prison officials." (<u>Id</u>.)(quoting <u>Allah v. Seiverling</u>, 229 F.3d 220, 225 (3d Cir. 2000)). This

requirement is satisfied by showing adverse action "sufficient 'to deter a person of ordinary firmness' from exercising his First Amendment rights." (Id.)(quoting Suppon v. Dadonna, 203 F.3d 228, 235 (3d Cir. 2000)). Third, a prisoner must prove that "his constitutionally protected conduct was 'a substantial or motivating factor' in the decision to discipline him." Rauser, 241 F.3d at 333-34(quoting Mount Health Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)). The mere fact that an adverse action occurs after either a complaint or grievance is filed is relevant, but not dispositive, for the purpose of establishing a causal link between the two events. See Lape v. Pennsylvania, 157 Fed. App'x. 491, 498 (3d Cir. 2005). Only where the facts of a particular case are "unusually suggestive" of a retaliatory motive will temporal proximity, standing alone, support an inference of causation. Krouse v. American Sterlizer Co., 126 F.3d 494, 503 (3d Cir. 1997).

Once Plaintiff has made a prima facie case, the burden shifts to Defendants to prove by a preponderance of the evidence that they "would have made the same decision absent the protected conduct for reasons reasonably related to penological interest." Carter v. McGrady, 292 F.3d 152, 158 (3d. Cir. 2002)(internal quotation and citation omitted). When analyzing a retaliation claim, it must be recognized that the task of prison administrators and staff is difficult, and the decisions of prison officials require deference, particularly where prison security is concerned. Rauser, 241 F.3d at 334.

6

As noted in Allah, a prisoner litigating a retaliation claim need not prove that he had an independent liberty interest in the privileges that he was denied.  Thus, the relevant inquiry is not whether the alleged retaliatory conduct was unconstitutional.  On the contrary, Plaintiff only needs to establish that he was subjected to adverse action in retaliation for his engagement in constitutionally protected conduct.

In regards to the the first prong of Rauser, the Amended Complaint alleges that Pensiero-Koltay "made a game out of Plaintiff not being provided glasses due to the numerous complaints Plaintiff filed on her."  Doc. 56, ¶ 32.  However, there are no facts set forth in the Amended Complaint which would support a claim that the other alleged improper conduct attributed to Penisero-Kotay was also undertaken in retaliation for the Plaintiff's engagement in constitutionally protected conduct.

The filing of a lawsuit and grievances, is protected activity under the First Amendment right of prisoners to petition the court.  Anderson v. Davila, 125 F.3d 148, 161 (3d Cir. 1997); Milhouse v. Carlson, 652 F.2d 371, 373-74 (3d Cir. 1981). Therefore, the first prong of Rauser, i.e., that the prisoner be engaged in a constitutionally protected activity, has been arguably satisfied with respect to the eyeglass related claim. However, pursuant to the above discussion, notably the testimony of the Plaintiff himself, the other allegations of retaliatory conduct listed in the Amended Complaint did not satisfy the first prong of Rauser.

With respect to the Rauser adverse action requirement, during his deposition testimony, Hankins acknowledged that the Moving Defendant "was not responsible for getting the eyeglasses." Doc. 177-1, N.T. p. 13.  Hankins also indicated that he didn't know what Penisero-Kotay did with respect to the alleged delay. See id. The Plaintiff was also unable to express a reason as to why PA Pensiero-Koltay would retaliate against him.

Plaintiff's deposition testimony also acknowledged that he was eventually provided with tinted eyeglasses after a delay of a few months.  As noted above, Hankins was unable to provide a description of any action taken by Pnsiero-Koltay to delay his receipt of those eyeglasses.  Thus, the adverse action requirement of Rauser has not been met with respect to said claim.

In regards to the allegation that the Moving Defendant denied Hankins a physical examination, the inmate gave deposition testimony that Pensiero-Koltay attempted to orally take his temperature without using gloves. See id. at N.T. p. 21.  When Plaintiff objected, the remainder of the physical was cancelled. By his own words, Plaintiff admits that the medical exam was not cancelled because he had engaged in prior constitutionally protected activity but rather because he objected to the PA's actions while performing the physical.

Plaintiff also testified at his deposition that the improper assessments to his inmate account referenced in the Amended Complaint were several co-payments for sick call visits of either $5.00 or $10.00 dollars each.  See id. at N.T. p. 17-18.   While

8

Hankins claimed that those co-payments should not have been imposed because they were chronic care related costs, he was unable to identify what chronic condition he suffers from.  See id. at N.T. p. 19-21.

Finally, Plaintiff describes the false information placed in his institutional file as being claims by Penisero-Koltay that Hankins made derogatory remarks to her.  However, the Plaintiff acknowledges that "at times" he made derogatory remarks to the PA.  See id. At N.T. p. 27.  Pursuant to the above discussion, the adverse action requirement of Rauser not been satisfied with respect to any of the assertions of retailatory conduct raised against defendant Pensiero-Koltay.

Once the two threshold criteria of Rauser are met, the prisoner must prove a causal link between the exercise of the constitutional right and the adverse action against him.  The Third Circuit Court of Appeals in Rauser held that once a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest.  Id. at 334.

Based upon the Plaintiff's own deposition testimony he has not presented any facts which could establish that the alleged conduct of the Moving Defendant was an attempt to deter the inmate's filing of lawsuits and grievances.  Rather, based upon a

9

review of the record, it is clear that the actions simply stemmed from a turbulent ongoing relationship which existed between Inmate Hankins and PA Pensiero-Koltay.

In conclusion, the Plaintiff's allegations of retaliation by PA Pensiero-Koltay which are raised in the Amended Complaint simply do not satisfy the <u>Rauser</u> criteria and as such a viable retaliation claim has not been stated. Since Hankins has not come forward with any facts which would allow a rational trier of fact to conclude that there was a retaliatory motive behind the conduct attributed to PA Penisero-Koltay, entry of summary judgment is appropriate with respect to the assertions of retaliation against the Moving Defendant. An appropriate Order will enter.

<u>S/Richard P. Conaboy</u>\_\_\_\_\_
RICHARD P. CONABOY
United States District Judge

DATED: MARCH 3 , 2015